IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Edward Pryor,                                    Case No. 3:08 CV 2656

                                    Plaintiff,          MEMORANDUM OPINION
                                                        AND ORDER

          -vs-
                                                        JUDGE JACK ZOUHARY
Philip Morris, USA, et al.,

                                    Defendants.

On November 10, 2008, *pro se* Plaintiff Donald Edward Pryor filed this Complaint (Doc. No. 1) under 42 U.S.C. § 1983; the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961; and the Sherman Antitrust Act, against Philip Morris USA; Altria Client Services, Inc.; the Gallaher Group; JT International; Great Lakes Transitional Care; Firelands Regional Medical Center; Charanjit Ahluwalia, M.D.; Kamal Chaban, M.D.; Christopher Avendano, M.D.; Sathiskumar Culhath, M.D.; the United States Department of Housing and Urban Development and its Chicago Regional Office and Cleveland Field Office; Feick Contractors; Stein Hospice; Erie Metro Housing Authority; the United States Department of Health and Human Services; the United States Department of Justice; the United States Department of Commerce; the United States Department of Agriculture; "Medicare and Medicaid;" and the State of Ohio.  Plaintiff also includes multiple state law claims.

Additionally, Pryor filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 5).  The Motion is granted.

## BACKGROUND

Pryor's claims arise from the death of his mother, Damaris Conrad.  Conrad went to the Firelands Regional Medical Center on February 14, 2007 complaining she had difficulty breathing. She had been a heavy smoker for more than 40 years, but successfully quit 19 years earlier.  Her

apartment building, however, was not well ventilated and she continued to be exposed to large amounts of secondhand smoke.  At the time of her admission to the hospital, she was suffering from chronic obstructive pulmonary disease ("COPD") which had been aggravated by a cold or the flu. She was placed on a ventilator in the hospital's intensive care unit for a period of time.  Pryor claims she contracted an infection through an intravenous port and did not receive proper treatment. Nevertheless, Conrad was successfully removed from the ventilator.  Thereafter, she was transferred to a step down unit of the hospital and then to the Great Lakes Transitional Care rehabilitation center.

Pryor contends his mother's condition became progressively worse at the rehabilitation center. He claims she was not properly bathed and contracted another infection.  She was not offered breathing treatments.  Without breathing treatments, her condition continued to deteriorate and she was transported to the hospital on March 13, 2007.  A respiratory therapist was waiting for her and after six days of respiratory therapy, she returned to Great Lakes Transitional Care.  Pryor claims the rehabilitation center "basically put pressure on her to get well as soon as possible or be forced into a nursing home" (Doc. No. 1, p. 11).  He states his mother became depressed at the idea of living in a nursing home, which "may have helped dampen her will to live." *Id.*  Pryor also alleges he inquired about advanced life saving treatments for his mother, including lung transplants and lung volume reduction procedures, but was told these procedures were not an option.  Conrad was referred to hospice and died on May 9, 2007 from COPD (Doc. No. 1, p. 16).

Pryor claims Defendants are responsible for his mother's untimely death.  He contends the tobacco companies and their affiliates provided a dangerous product which contributed to the deaths of both his parents.  He asserts causes of action against them under the Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, RICO, the Ohio Constitution, and

Ohio Revised Code §§ 2307.71 (products liability definitions), 2307.72 (products liability damages), 2927.02 (criminal statute prohibiting the distribution of cigarettes to children), 2827.03 (criminal statute pertaining to interference with fair housing rights), 2921.45 (criminal statute prohibiting interference with civil rights), 2923.34 (civil proceedings arising from corrupt activity), 2923.32 (criminal statute pertaining to corrupt activity), 2125.01 (wrongful death), 2711.04 (permitting appointment of an arbitrator), 2323.43 (medical malpractice compensatory damages), 2323.55 (medical malpractice future damages), and 120.06 (establishing a duty to provide legal representation to indigent adults and juveniles).   In addition, Pryor asserts claims against the United States Department of Agriculture and the Department of Commerce for permitting the tobacco companies to engage in the sale of cigarettes.  He asserts medical malpractice and wrongful death claims against Firelands Regional Medical Center, Great Lakes Transitional Care, and the physicians who treated his mother.  Pryor asserts the United States Department of Housing and Urban Development, Erie Metro Housing Authority, and Feick Contractors permitted residents of his mother's apartment building to smoke which exposed her to additional toxins.  Finally, he claims the United States government agencies engaged in antitrust violations by taking a portion of the proceeds of tobacco litigation profits.  He believes he is entitled to a share of those settlements.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

**United States Government Defendants**

Pryor has not asserted a viable claim against the United States Department of Housing and Urban Development, the Department of Health and Human Services, the Department of Justice, the Department of Commerce, or the Department of Agriculture.  Medicare and Medicaid are also named as defendants.  These are not separate entities but programs administered by the Department of Health and Human Services.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction.  *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957).  The United States has not waived its sovereign immunity for the *Bivens*,[1] RICO, antitrust claims, or the claims arising under Ohio law.  *See, e.g., Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 581 (2d Cir. 2000) (antitrust laws); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (claims of constitutional violations arising under *Bivens*).

The United States has waived its immunity for tort claims arising from the actions of federal government employees.  The Federal Tort Claims Act, however, provides the exclusive jurisdictional basis for tort claims against the United States.  Before a party may bring such an action, the claim must first be submitted to the proper federal agency in writing.  28 U.S.C. § 2675(a).  There is no indication Pryor complied with this jurisdictional prerequisite.  The claims against the United States government are dismissed.

---

[1]

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 396 (1971), permits plaintiffs to sue for damages for violations of constitutional rights, where a federal statute provides for such a suit.

4

**State of Ohio**

Similarly, "a State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress." *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). Pryor names the State of Ohio as a defendant. The Eleventh Amendment is an absolute bar to the imposition of liability upon the state. *Latham*, 395 F.3d at 270.

**RICO**

Pryor also includes several claims under RICO. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, Section 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in Section 1961(1).[2] 18 U.S.C. § 1961(5). To prove a defendant violated Section 1962(c), a plaintiff must show the defendant committed two predicate offenses. To violate Section 1962(d), a defendant must conspire with another person who commits two acts of racketeering activity. *United States v. Joseph,* 781 F.2d 549, 554 (6th Cir. 1986). Although Pryor asserts Defendants contributed to the death of his parents by permitting cigarettes to be sold to consumers and by failing to take steps

---

[2] For a comprehensive definitional list of "racketeering activity," see 18 U.S.C. § 1961(1).

5

to eliminate their exposure to environmental tobacco smoke, none of these actions constitute "racketeering activity" as defined by the statute. Consequently, Pryor has not stated a claim for a RICO violation.

**Civil Rights Claims**

Pryor also asserts violations of the Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution. Because "the Constitution does not directly provide for damages," Plaintiff "must proceed under one of the civil rights statutes authorizing damages for constitutional violations." *Sanders v. Prentice-Hall Corp.*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of "Rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The Court suggested that persons who are "state employees in positions of considerable authority" would satisfy the "under color of state law requirement." *Id.* at 535-36. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Philip Morris USA; Altria Client Services, Inc.; the Gallaher Group; JT International; Great Lakes Transitional Care; Firelands Regional Medical Center; North Central Ohio Medical Services;

6

Charanjit Ahluwalia, M.D.; Kamal Chaban, M.D.; Christopher Avendano, M.D.; Sathiskumar Culhath, M.D.; Stein Hospice; and Feick Contractors are private parties, not government entities or officials. Plaintiff has not pled facts to suggest these Defendants could be considered state actors for the purposes of Section 1983.

Furthermore, Pryor cannot assert claims under 42 U.S.C. §1983 on behalf of himself or his mother's estate. Claims asserted in a Section 1983 action are personal to the injured party. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). Pryor lacks standing to assert claims based on violations of his mother's constitutional rights. *See id.* In addition, he cannot assert claims on behalf of his mother's estate. He does not claim to be the executor or administrator of the estate. Only the executor or administrator has standing to raise Section 1983 claims for a decedent. *Id.* Even if Pryor had claimed to be the executor, he cannot proceed *pro se* on behalf of the estate if the estate has other beneficiaries and creditors. *Id.* Again, there is no suggestion Pryor is the only beneficiary and the only creditor of the estate.

**State Law Claims**

Finally, Plaintiff's numerous state law claims are dismissed. Plaintiff seeks to proceed with the claims contending the Court has diversity jurisdiction over them. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999). Diversity in this case is not complete. Plaintiff is a resident of the State of Ohio. Defendants Great Lakes Transitional Care, Fireland Regional Medical Center, Charanjit Ahluwalia, M.D., Kamal Chaban, M.D., Christopher Avendano, M.D., Feick Contractors, and Erie Metro Housing Authority are also residents of the State of Ohio. Plaintiff cannot premise this Court's jurisdiction on diversity of citizenship.

7

Supplemental jurisdiction may exist to bring state law claims if the state law and federal law claims derive from the same nucleus of operative facts and considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The federal court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

### CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 5) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____*s/ Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 21, 2009

8